MIEKE K. MALMBERG [SBN 209992]
mmalmberg@skiermontderby.com
PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
HAJIR ARDEBILI [SBN 224624]
hardebili@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone: (213) 788-4500
Facsimile: (213) 788-4545

PAUL J. SKIERMONT [*Pro Hac Vice*]
pskiermont@skiermontderby.com
RYAN A. HARGRAVE [*Pro Hac Vice*]
rhargrave@skiermontderby.com
ALEX E. GASSER [*Pro Hac Vice*]
agasser@skiermontderby.com
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Telephone: (214) 978-6600
Facsimile: (214) 978-6601

DOUG W. COLT [SBN 210915]
dcolt@coltlegal.com
COLT LEGAL GROUP
1034 Emerald Bay Road, Suite 443
South Lake Tahoe, California 96150
Telephone: (628) 400-2658
Facsimile: (628) 400-2658

Attorneys for Plaintiff
SHERRI BALDY

BAMBO OBARO (SBN 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DAVID J. LENDER (*pro hac vice*)
david.lender@weil.com
BENJAMIN E. MARKS (*pro hac vice*)
benjamin.marks@weil.com
SARAH RYU (*pro hac vice*)
sarah.ryu@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendant
MGA ENTERTAINMENT, INC.

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| SHERRI BALDY,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>Defendant. | Case No.: 5:21-cv-01938-SSS-KK<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Magistrate Judge: Hon. Kenly Kato |

PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action (as defined herein) is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties also acknowledge, as set forth in Section 13.5 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE STATEMENT**

This Action is likely to involve confidential, proprietary, and/or otherwise private information, including but not limited to research, development, commercial, and/or financial information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties stipulate that disclosure of this information could cause competitive harm to the parties. For example, the parties believe that competitors will gain an unfair advantage if they

learn the parties' Protected Material (as defined herein), such as financial information, accounting information, costs or profit structure, sales information, product lines, business and marketing strategy or information about operations. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.   DEFINITIONS**

   3.1   "Action":  The above-captioned action.

   3.2   "Challenging Party": A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

   3.3   "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   3.4   "Counsel": Outside Counsel retained in connection with this Action and In-House Counsel (as well as their support staff).

   3.5   "Designating Party": A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   3.6   "Disclosure or Discovery Material": All items or information, regardless of the medium or manner in which they are generated, stored, or

maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 "Expert": A person, who is not an employee of a Party to this Action, with specialized knowledge or experience in a matter pertinent to the Action, including his/her/their employees and support staff, who has been retained by a Party or its Counsel to serve as an expert witness or as a non-testifying consultant in this Action.

3.8 "In-House Counsel": Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel or any other outside counsel.

3.9 "Non-Party": Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10 "Outside Counsel": Attorneys, paralegals, and other support personnel who are not employees of a Party to this Action but are retained to represent or advise a party to this Action.

3.11 "Party": Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

3.12 "Producing Party": A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13 "Professional Vendors": Persons or entities, including electronic discovery vendors and hearing/trial graphic consultants that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 "Protected Material": Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15 "Receiving Party": A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**5.   DURATION**

Once a case proceeds to trial, absent a contrary order by the trial judge, Protected Material that was used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

For Protected Material not used at trial, subject to Section 14 below, the confidentiality obligations imposed by this Order shall remain in effect, even after final disposition of this Action, until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIALS

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Mass, indiscriminate, or routinized designations of large swaths of documents are prohibited. Designations that are shown to be clearly unjustified and not inadvertent, or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Stipulated Protective Order (see, e.g., Section 6.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or at the same time the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

  a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page of a document that contains protected material.

  b. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must within seven (7) calendar days (a) determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and (b) produce the specified documents with the appropriate legend ("CONFIDENTIAL") affixed to each document that contains Protected Material.

  c. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record before the close of the deposition all protected testimony or within seven (7) calendar days after receiving the deposition transcript in writing to Outside Counsel for the other Party.  Prior to expiration of the seven-day period, deposition testimony shall be deemed "CONFIDENTIAL."

  d. For information produced in some form other than a document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL" legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      6.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.**    <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

      7.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time prior to trial. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      7.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

      7.3    <u>Judicial Intervention.</u> Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.**    <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

      8.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material or any other information or documents that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for

prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

   8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  a. the Receiving Party's Outside Counsel in this Action;

  b. the Receiving Party's In-House Counsel to whom disclosure is reasonably necessary for this litigation;

  c. the Receiving Party's Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A hereto), subject to Section 9 below;

  d. the Court and its personnel;

  e. court reporters and their staff, as well as Professional Vendors to whom disclosure is reasonably necessary for this Action;

  f. jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

  g. during their depositions, any witness designated by the Designating Party under Fed. R. Civ. P. 30(b)(6), the author or recipient of a document containing the information or a custodian or other person whom

Counsel for the Receiving Party has a good faith basis to believe otherwise previously had access to the information.

      h.    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) if the witness is not a witness employed by the Designating Party, the deposing Party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      i.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9. **PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS TO EXPERTS.**

      a.    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" first must make a written request via e-mail to the Designating Party's Outside Counsel of Record.  In the case of an Expert, the written request must: (1) set forth the full name of the Expert and the city and state of his or her primary residence, (2) attach a copy of the Expert's current resume or curriculum vitae, and (3) identify (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or

10

PROTECTIVE ORDER

testimony at a deposition or trial, during the preceding four years. The Designating Party shall have five (5) business days after confirmed receipt of such notice to object in writing via email to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert. A Designating Party shall not object or otherwise refuse to approve an Expert without cause or for the purpose of delay.

  b. A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the 5-day notice period or written confirmation that no objection will be forthcoming during that period. Any such objection must set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection. A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within three (3) business days after the written objection is served.

  c. If the Parties are unable to resolve any objection during the meet and confer, the Producing Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. In any such proceeding, the Designating Party opposing disclosure to an Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to a particular Expert. No

disclosure shall occur until all such objections are resolved by agreement or court order.

10. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

    a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c. Cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is

protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b.    Promptly provide the Non-Party with a copy of this Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c.    Make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**12.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best

efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If any Receiving Party recognizes that any Producing Party may have produced material that is subject to a claim of privilege or other protection, it shall notify the Producing Party promptly. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, either through discovery of the production on its own or after being notified by a Receiving Party, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity.

14. **MISCELLANEOUS**

13.1   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right

to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

  13.3 <u>Use of a Party's Own Protected Material.</u> Nothing in this Stipulated Protective Order restricts in any way a Party's use or disclosure of its own Protected Material.

  13.4 <u>No Presumption as to Confidentiality.</u> The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential, proprietary, or a trade secret. The fact that any information is disclosed, used, or produced in this Action with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

  13.5 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed only under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**15.** **FINAL DISPOSITION**

  After the final disposition of this Action, as defined in Section 5, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline

that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1 | **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2 | Dated: February 7, 2023                                    Respectfully submitted,

SKIERMONT DERBY LLP                                  WEIL, GOTSHAL & MANGES LLP

*/s/ Hajir Ardebili*                                              */s/ Benjamin E. Marks*
Mieke K. Malmberg (SBN 209992)              Bambo Obaro (SBN 267683)
mmalmberg@skiermontderby.com              bambo.obaro@weil.com
Paul B. Derby (SBN 211352)                          WEIL, GOTSHAL & MANGES LLP
pderby@skiermontderby.com                        201 Redwood Shores Parkway
Hajir Ardebili (SBN 224624)                          Redwood Shores, CA 94065
hardebili@skiermontderby.com                    Telephone: (650) 802-3000
Mane Sardaryan (SBN 287201)                    Facsimile: (650) 802-3100
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP                              David J. Lender (*pro hac vice*)
633 W. 5th Street, Suite 5800                         david.lender@weil.com
Los Angeles, California 90071                      Benjamin E. Marks (*pro hac vice*)
Telephone: (213) 788-4500                           benjamin.marks@weil.com
Facsimile: (213) 788-4545                             Sarah Ryu (*pro hac vice*)
                                                                          sarah.ryu@weil.com
Paul J. Skiermont [*Pro Hac Vice*]               WEIL, GOTSHAL & MANGES LLP
pskiermont@skiermontderby.com                767 Fifth Avenue
Ryan A. Hargrave [*Pro Hac Vice*]              New York, NY 10153
rhargrave@skiermontderby.com                  Telephone: (212) 310-8000
Alexander E. Gasser [*Pro Hac Vice*]         Facsimile: (212) 310-8007
agasser@skiermontderby.com
SKIERMONT DERBY LLP                             Attorneys for Defendant
1601 Elm Street, Suite 4400                           MGA ENTERTAINMENT, INC.
Dallas, Texas 75201
Telephone: (214) 978-6600
Facsimile: (214) 978-6601

Doug W. Colt (SBN 210915)
dcolt@coltlegal.com
COLT LEGAL GROUP
1034 Emerald Bay Road Suite 443
South Lake Tahoe, CA 96150
Telephone: (628) 400-2658
Facsimile: (628) 400-2658

Attorneys for Plaintiff
SHERRI BALDY

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: February 8, 2023                              _____
                                                                          Hon. Kenly Kaya Kato
                                                                          United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Sherri Baldy v. MGA Entertainment, Inc.*, Case No. 1:21-cv-10938-SSS-KK (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____